362 P.2d 586

**Arliean Vickers BARRETT and George C. Barrett, Plaintiffs and Appellants,**

v.

**Leland H. VICKERS, Sterling D. Vickers and Ethelyn Vickers, his wife, Joseph S. Barrett and Ethel V. Barrett, his wife, Defendants and Respondents.**

**State of Utah, Defendant by order of court.**

No. 9410.

Supreme Court of Utah.

June 5, 1961.

2. 11 Utah 2d 317, 358 P.2d 903.

Quentin L. R. Alston, Salt Lake City, for appellants.

E. J. Skeen, Salt Lake City, for respondents.

CROCKETT, Justice.

This case comes to us after many years of litigation. It was commenced in 1942 by Arliean Vickers Barrett against the defendants, her siblings, seeking either partition, or sale and division of proceeds, of farm land in Juab County which their parents originally contracted to buy from

the State. She also sought an accounting for money spent in the purchase and maintenance of the property. Each of the four children had previously been declared owners of an undivided one-fourth interest in the land and charged with the obligations of a contract under which it was being purchased from the state of Utah.[1] From a judgment of the trial court entered December 21, 1960, which failed to grant her request for relief, the plaintiff appeals. She also attacks the accounting made therein.

Subsequent to the filing of the action a number of hearings were had and in 1947 a written decision was filed, denying the request for partition on the ground that it was impractical and directing that the land be sold and the proceeds divided in accordance with our statute.[2] However, apparently because the parties remained contentious and obdurate, no findings and judgment pursuant to that decision were signed and filed, and the land was never sold.

Several further hearings were had during the next 13 years and finally in December, 1960, in what appears to have been an effort to clear up this matter before his retirement that month, Judge John L. Sevy, Jr. entered the findings and decree from which this appeal was taken. It did not follow the 1947 decision that the land be

1. See Barrett v. Vickers, 100 Utah 534, 116 P.2d 772.

2. Sec. 78–39–12, U.C.A.1953.

sold, but provided that "in the light of developments since the trial of the case it is inequitable and unfair to order a sale of the property." It also purported to settle an accounting between the parties for the period prior to April 24, 1946, by providing that the "defendants jointly have and recover from the plaintiffs the sum of $293.-25 together with interest at 6% per annum from the 24th day of April, 1946, until the date of this decree, and from said date upon the whole amount at 8% per annum until paid."

After 18 years of litigation the net result seems to be that the district court has ruled that the property should not be partitioned because it would be inequitable; and also, that for the same reason it would not order the property sold and the proceeds divided.

█ It is obvious that where a co-tenancy is undesirable to one or more of the parties and they cannot agree upon a solution to the problems it presents, there must be some method of terminating it. To meet such exigencies our statutes provide that when an action is brought the court "must order a partition according to the respective rights of the parties," or alternatively that upon proof "to the satisfaction of the court, that * * * the partition cannot be made without great prejudice to the owners, the court may

order a sale thereof." The proceeds must then be allocated according to the interests of the parties.[3] A co-tenant who has properly invoked the aid of this statute is entitled to one or the other of these remedies as a matter of right.[4] The failure of the trial court to grant either was error, and this case must be remanded for determination of what should be done in that regard.

█ The plaintiff also disputes the correctness of the accounting which the court approved for the period prior to 1946. The defendants contend that this court cannot review the findings upon the accounting because there is no transcript of the testimony of the hearings upon which it was based. The plaintiff replies the impossibility of doing so because of the unavailability of court reporters who took such hearings. We recognize the general rule that findings of fact cannot be reviewed or reversed in the absence of a transcript of the evidence. However, this does not preclude a finding of error which is patent upon the face of the record. While the accounting purported to cover only the period from 1940 to April 24, 1946, some of the items included therein represent payments made after that date. It seems clear that in order to fully adjust the rights of these parties the accounting must be brought up to date and must be

3. Ibid. and Sec. 78–39–22, U.C.A.1953.

4. See Thompson, Real Property, 1961, Vol 4, p. 264.

gone over for the entire period as completely as can be done with the records and evidence now available.

With deference to the trial court and its prerogatives, it is suggested that due to the nature of the controversy here involved he may deem it desirable and expedient to appoint a referee to assist the court with this accounting.

The case is remanded with directions to take further proceedings in conformity with this opinion. The parties bear their own costs.

WADE, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.